Gary ROEBUCK, et al., Plaintiffs,

v.

Roy W. GUTTMAN, et al., Defendants.

No. 84 Civ. 9313 (JES).

United States District Court,
S.D. New York.

Feb. 2, 1988.

As Amended Feb. 16, 1988.

Gusrae, Kaplan, Bruno & Wagner, New York City (Cirino M. Bruno, Mark J. Astarita, Bert L. Gusrae, Rodney S. Chase, Jr., of counsel), for plaintiffs.

Cole & Deitz, New York City (Albert D. Jordan, Joseph DiBenedetto, David P. Florendo, David W. Sussman, Lawrence F. Carnevale, of counsel), for defendants Martin L. Goldstein, Martin B. Halpern, Goldstein & Halpern.

Parker Chapin Flattau & Klimpl, New York City (Daniel S. Greenfeld, Joel M. Wolosky, Joel A. Chernov, of counsel), for defendants Allan T. Cannon and Allan T. Cannon, P.C.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

In this action, plaintiffs allege that they were defrauded by defendants in the purchase of limited partnership units in Visual Enterprises. Defendants Martin L. Goldstein, Martin A. Halpern, and Goldstein & Halpern ("the G & H defendants") and Allan T. Cannon and Allan T. Cannon, P.C. ("the Cannon defendants") have moved to dismiss the Second Amended Complaint ("the complaint") on several grounds, in-

cluding failure to state fraud with particularity as required by Fed.R.Civ.P. 9(b).

■ Although knowledge may be averred generally under Rule 9(b), plaintiffs nevertheless must allege facts from which an inference of knowledge of falsity and intent to defraud as to each of the defendants may be drawn. *See Connecticut National Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir.1987); *Ross v. A.H. Robins Co.*, 607 F.2d 545, 558 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Here, plaintiffs allege that they invested on the basis of a fraudulent Summary of Offering ("Summary"). Although the allegations of the complaint are sufficient as to some of the misrepresentations and omissions allegedly contained in that Summary, the complaint sets forth no facts from which an inference can be drawn that the G & H and Cannon defendants knowingly participated in the preparation of those misstatements and omissions. In short, the complaint does not allege facts which would permit a reasonable inference that these defendants knew the Summary was false, that they prepared it, or that they deliberately delayed the filing of a more detailed Offering Memorandum in an effort to defraud the plaintiffs.

■ After being advised at Oral Argument that the Court intended to dismiss the complaint against these defendants for the reasons stated above, the plaintiffs subsequently moved to reargue, asserting that the complaint is sufficient in charging the G & H defendants with fraud in their capacity as sales agents. Plaintiffs contend that as unregistered placement agents for the limited partnership units, the G & H defendants delivered the Summary of Offering to three plaintiffs, recommended the investment to four plaintiffs, and received commissions for the sale. *See* Complaint at ¶¶ 22, 58, 63(h), 67. The Court does not find these arguments to be persuasive. The plaintiffs have alleged no facts which support an inference that a fiduciary relationship existed between them and the G & H defendants as a consequence of those defendants' alleged "sales agent" status.

Although a lesser standard of scienter may be applicable in an S.E.C. enforcement proceeding against brokers or salesmen where a fiduciary relationship exists, *see Hanly v. S.E.C.*, 415 F.2d 589, 596–97 (2d Cir.1969), such a standard does not apply in a civil damages action absent a fiduciary relationship, *see Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 44 (2d Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978).

■ Quite aside from Rule 9(b), the plaintiffs' claims under section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2) (1982), are time barred because a claim under section 12(2) must be brought within three years of sale, *see* 15 U.S.C. § 77m (1982). Here, all plaintiffs had invested by December 29, 1978 and suit was not filed until December 27, 1984. In addition, the Court declines to exercise pendent jurisdiction over the state law claims because the federal claims are being dismissed at an early stage of the proceedings. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Packer v. Yampol*, 630 F.Supp. 1237, 1243 (S.D.N.Y.1986). For all the foregoing reasons, the motions of the G & H and Cannon defendants to dismiss the complaint are granted.

■ In their supplementary papers, plaintiffs have also requested that if the complaint is dismissed, the Court should direct the entry of a final judgment dismissing the complaint as against the G & H and Cannon defendants; pursuant to Fed. R.Civ.P. 54(b). The G & H and Cannon defendants do not oppose this request. Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action ... or when multiple claims are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Court is mindful of the federal policy against piecemeal appeals, *see Curtiss–Wright Corp. v. General Electric Co.*, 446

U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980), and the admonition of the Court of Appeals that a Rule 54(b) certification should not be granted as an accommodation to counsel but instead should be used only in the infrequent harsh case, *see Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir.1980) (*"Cullen I"*); *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978). Nevertheless, the Court finds that in this case, certification under Rule 54(b) is warranted.

The Court of Appeals recently examined Rule 54(b) in *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987) (*"Cullen II"*). In that case, the complaint against defendant Nassau County was dismissed after the liability phase of the trial. Although the Court stated that Rule 54(b) certification should generally not be given "if the same or closely related issues remain to be litigated against the undismissed defendants," *see id.* at 710, the Court held that Rule 54(b) certification was proper with respect to the dismissal of the complaint against the County because all liability issues had been determined, and the only issues remaining to be litigated against the undismissed defendants were those relating to remedies, *id.* at 712.

In this case, the only issue raised by an appeal pursuant to Rule 54(b) involves the legal sufficiency of the complaint under Fed.R.Civ.P. 9(b) as to the G & H and Cannon defendants. That issue is unrelated to the question of whether the legally sufficient claims against the remaining defendants will be proved at trial.

Moreover, the concerns for judicial economy which underlie Rule 54(b) also support the conclusion that in this case there is no just reason for delaying an appeal. If the Court is incorrect in its determination that the allegations of the complaint are insufficient under Fed.R.Civ.P. 9(b), a second trial and duplicative discovery may have to take place as to those defendants who were erroneously dismissed. This costly and duplicative procedure can be avoided by a Court of Appeals ruling on the sufficiency issue prior to the completion of discovery and the trial with respect to the undismissed defendants.

The issue presented here, the sufficiency of the complaint as to the G & H and Cannon defendants, is a discrete and straightforward legal issue which the Court of Appeals can resolve quickly and which will serve the goal of judicial economy. It follows that a Rule 54(b) certification will bring about a more expeditious and just result for both the parties and the Court. *See Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 286 (2d Cir.1974).

The Court finds, therefore, that there is no just reason for delay in the appeal of this issue and directs that the clerk shall enter judgment dismissing the complaint as against the G & H and Cannon defendants pursuant to Fed.R.Civ.P. 54(b).

It is SO ORDERED.