Edward **BOUDREAU;** Charles Darwin Davidson, Trustee for Dan R. Robinson, II; James H. Penick, III; William Schrimshire; Marietta Smith; Stephen G. Smith, Appellees,

v.

**DELOITTE, HASKINS & SELLS, Appellant.**

No. 90–2676.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1991.

Decided Aug. 16, 1991.

David Wade, Memphis, Tenn., argued (C. Lee Cagle, Memphis, Tenn., and Overton S. Anderson, Little Rock, Ark., on brief), for appellant.

Norman Rifkind, Chicago, Ill., argued (Charles Darwin Davidson and Clark W. Mason, Little Rock, Ark., Herbert Beigel and Norman Rifkind, Chicago, Ill., on brief), for appellees.

Before LAY, Chief Judge, and PECK * and ROSS, Senior Circuit Judges.

---

* The Honorable JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

**498**

PER CURIAM.

This case is before us on interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1988). The issue relates to the proper statute of limitations period applicable to private actions brought under section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)5. Since this appeal was filed, the Supreme Court has adopted the one year/three year statute of limitations created by Congress for the express causes of action found in section 10(b). *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Thus, under *Gilbertson* a private action under Rule 10(b)5 "must be commenced within one year after discovery of the facts constituting the violation and within three years after such violation." *Id.* at —, 111 S.Ct. at 2782.

The district court in the present case also certified the question whether the limitations period established for Rule 10(b)5 claims should have retroactive application. The Court in *Gilbertson* applied the one year/three year statute of limitation retroactively without discussion or analysis. *Id.* at —, 111 S.Ct. at 2782; *see also id.* at —, 111 S.Ct. at 2786 (O'Connor, J., dissenting). In *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (plurality opinion), the Court held that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Id.* at —, 111 S.Ct. at 2448.[1] Consequently, we are compelled to apply *Gilbertson* retroactively to the parties in this case.

This case is remanded to the district court for further proceedings in accordance with this opinion.

---

1. Although the opinion of the Court was joined by only two Justices, the opinions of the four concurring Justices indicate that a majority of the Court will give full retroactive effect to a new rule of civil law when the new rule is applied to the litigants in the case from which the rule devolved. Justice Scalia, joined by Justices Marshall and Blackmun, would give full retroactive effect to any new rule of civil law and "would find both 'selective prospectivity' and 'pure prospectivity' beyond our power." *Id.* at —, 111 S.Ct. at 2451 (Scalia, J., concurring). Justice White stated in concurrence that

[t]here being no precedent in civil cases applying a new rule to the parties in the case but not to others similarly situated, and *Griffith v. Kentucky,* 479 U.S. 314, 328 [107 S.Ct. 708, 716, 93 L.Ed.2d 649] (1987), having overruled such a practice in criminal cases (a decision from which I dissented and still believe wrong, but which I now follow on the basis of *stare decisis*), I agree that the petitioner here should have the benefit [of the new rule] ... *Id.* at —, 111 S.Ct. at 2448–49 (White, J., concurring) (footnote omitted).