**Robert F. BERNING and Evelyn C. Berning, Plaintiffs,**

**v.**

**A.G. EDWARDS & SONS, INC. and John R. Stuhrenberg, Defendants.**

No. 89 C 6483.

United States District Court, N.D. Illinois, E.D.

Sept. 10, 1991.

Rosemarie J. Guadnolo, John J. Enright, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiffs.

Jeffery H. Fradkin, Kent Lawrence, Charles J. Risch, Lawrence, Kamin, Saunders & Uhlenhop, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

In ruling on defendants' motion for summary judgment, it was held that there were no undisputed facts showing that plaintiffs' § 10(b) claim was untimely filed. *See* Order dated March 7, 1991 at 8–9, 1991 WL 34439. Plaintiffs' claim was filed more than one year after the violation occurred, but less than three years thereafter. It was held that the one-year statute of limitations period set forth in a case decided after this lawsuit was filed (*see Short v. Belleville Shoe Manufacturing Co.*, 908 F.2d 1385, 1387 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991)) would not be applied retroactively since there was sufficient evidence to indicate that plaintiffs delayed the filing of their suit in reliance on the then-existing three-year statute of limitations,

*see Norris v. Wirtz,* 818 F.2d 1329 (7th Cir.), *cert. denied,* 484 U.S. 943, 108 S.Ct. 329, 98 L.Ed.2d 356 (1987). However, on June 20, 1991, the Supreme Court held that a § 10(b) claim must be filed within one year after discovery and three years after the occurrence of the violation.[1] *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 2780–82 & n. 9, 115 L.Ed.2d 321 (1991). Defendants argue that consideration of *Lampf,* along with another Supreme Court decision decided the same day, *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), requires retroactive application of the limitation period of *Lampf.* Plaintiffs argue the limitation period set forth in *Lampf* should be applied prospectively, but, in any event, that they filed suit within one year of discovery of their claim. Alternatively, plaintiffs argue defendants are estopped from raising the statute of limitations defense. It is undisputed that plaintiffs brought suit within the three-year period of repose.

■ The first question to address is whether this suit was brought within one year of discovery. In responding to the original motion for summary judgment, plaintiffs made no such contention; they argued only that the new limitation period set forth in *Short* should not be applied retroactively. The present lawsuit was filed on Friday, August 25, 1989. If plaintiffs discovered the facts constituting the alleged § 10(b) violation prior to August 25, 1988, they did not satisfy the one-year limitation period. Plaintiffs have the burden of submitting evidence that they brought suit within one year of discovery and that they remained unaware of the facts supporting their claim without any fault or want of diligence. *See Teamsters Local 282 Pension Trust Fund v. Angelos,* 815 F.2d 452, 456 (7th Cir.1987); *Hupp v. Gray,* 500 F.2d 993, 996 (7th Cir.1974); *General Builders Supply Co. v. River Hill Coal Venture,* 796 F.2d 8, 12 (1st Cir.1986); *Hernandez v. Childers,* 736 F.Supp. 903, 908 (N.D.Ill.1990). *See also Anixter v. Home–Stake Production Co.,* 939 F.2d 1420, 1434 (10th Cir.1991) (§ 11 & § 12(2) claims).

■ In *Lampf,* the Supreme Court recognized that various limitation provisions of the Securities Acts contained similar one- and three-year periods of limitations. The various sections, while similar, each vary in terminology. The Court said: "To the extent that these distinctions in the future might prove significant, we select as the governing standard under § 10(b) the language of § 9(e) of the 1934 Act, 15 U.S.C. § 78i(e)." *Lampf,* 111 S.Ct. at 2782 n. 9. Section 13 of the 1933 Act refers to "discovery of the untrue statement or the omission,"[2] whereas § 9(e) of the 1934 Act refers to "discovery of the facts constituting the violation." For purposes of the issue presently before the court, no distinction is found between the terminology of the two statutes. A recent case applies the same discovery standard for both § 13 and § 9(e) and this court will do so as well. *See Anixter,* at 1441–42. Full knowledge of the existence of a claim is not necessary before the statutory period commences; "inquiry notice" is sufficient. *DeBruyne v. Equitable Life Assurance Society of United States,* 920 F.2d 457, 466 (7th Cir. 1990); *Anixter,* 1437–38. Once a party has reason to be suspicious, the one-year period

---

**1.** "No action shall be maintained to enforce any liability created under this section, unless brought within one year after discovery of the facts constituting the violation and within three years after each violation." 15 U.S.C. § 78i(e) (§ 9(e) of the 1934 Act). The Seventh Circuit had adopted the limitation period of 15 U.S.C. § 77m (§ 13 of the 1933 Act) which contains a similar one-year discovery and three-year repose period. *See Short,* 908 F.2d at 1390–92. Section 13 sets a limitation of "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, .... In no event shall any such action be brought ... more than three years after the security was bona fide offered to the public, or ... more than three years after the sale."

**2.** Section 13 sets a limitation period for sections 11 and 12(2) of the 1933 Act, 15 U.S.C. §§ 77k, 77*l*(2), which prohibit, respectively, false or insufficient registration statements and false prospectuses or oral communications related to an offer or sale of a security.

begins to run. *DeBruyne,* 920 F.2d at 466. Evidence of the possibility of fraud is sufficient; full exposition of a scam is not necessary. *Anixter,* at 1437–38 (quoting *Kennedy v. Josephthal & Co.,* 814 F.2d 798, 802 (1st Cir.1987)).

Plaintiffs contend that they did not have sufficient evidence of scienter until shortly before they filed suit. They, however, fail to provide any affidavit or other evidence to support this contention. Thus, even if this fact were material, plaintiffs have failed to satisfy their burden of proof. In any event, the financial loss that plaintiffs complain about occurred in October 1987. On November 25, 1987, plaintiffs sent a lengthy letter of complaint to the National Association of Security Dealers ("NASD"). Plaintiffs were already complaining that they were not adequately advised of the risk of trading, that defendants conducted trading not suitable for plaintiffs, and that plaintiffs were unduly pressured into settling with defendants. When interviewed about the NASD complaint on August 18, 1988, plaintiffs were represented by their present counsel. The uncontested facts show that plaintiffs were on inquiry notice prior to August 25, 1988. Therefore, plaintiffs did not bring suit within one year of discovery. Plaintiffs' claims can only be timely if it is held that *Lampf* should not be applied retroactively or that defendants are equitably estopped from raising their statute of limitations defense.

■ In *Beam,* the Supreme Court emphasized that ordinarily new rules of law will be applied retroactively. *Beam,* 111 S.Ct. at 2445. Relying on principles of equality and *stare decisis, see id.* at 2446–48, it was held that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Id.* at 2448. In *Lampf,* the newly announced statute of limitations for § 10(b) claims was applied to the litigants in that case. *See Lampf,* 111 S.Ct. at 2782.

Although the issue of retroactive application was not expressly discussed by the majority, the parties had briefed the issue and Justice O'Connor dissented on the ground that the case should have been remanded for a determination of the equities of retroactive or prospective application. *See id.* at 2785–88 (O'Connor, J., dissenting). There is nothing in *Beam* to indicate that express discussion of the issue of retroactivity is necessary for a new rule to be applied retrospectively in pending or future cases. Thus, a number of cases have applied *Lampf* retrospectively. *See Boudreau v. Deloitte, Haskins & Sells,* 942 F.2d 497 (8th Cir.1991) (per curiam); *Anixter,* at 1440–41; *Barr v. McGraw–Hill,* 770 F.Supp. 855, 859 (S.D.N.Y.1991); *Klein v. Goetzmann,* 770 F.Supp. 78, 82 (N.D.N.Y.1991); *Vito v. Prudential–Bache Securities, Inc.,* No. 90–7662, 1991 WL 131186 (E.D.Pa. July 11, 1991); *Sanders v. Keefe,* No. 90 C 4310, 1991 WL 133706 (N.D.Ill. July 11, 1991); *Baggett v. Edward D. Jones & Co.,* No. 90–1054–C, 1991 WL 126602 (D.Kan. June 27, 1991). *See also Aaronson v. Bushell,* No. 88 Civ. 8611, 1991 WL 152608 (S.D.N.Y. Aug. 1, 1991); *Duke v. Touche Ross & Co.,* No. 90 Civ. 5610, 1991 WL 137493 (S.D.N.Y. July 24, 1991). *But see Glick v. Berk & Michaels, P.C.,* No. 90 Civ. 4230 at 8 n. 6, 1991 WL 152614 (S.D.N.Y. July 26, 1991).[3] In light of *Beam,* since *Lampf* was applied to the litigants in *Lampf,* the new rule of law announced in *Lampf* must also be applied in the present case which was pending at the time *Lampf* was decided.

■ Plaintiffs argue that the only rule applied to the litigants in *Lampf* was the three-year repose limitation, *see Lampf,* 111 S.Ct. at 2782, a limitation that does not bar the claims of the Bernings. They argue that different equities apply to retroactive application of the one-year discovery limitation and that *Lampf* cannot have a *stare decisis* effect as to the one-year limi-

---

**3.** *Glick* applied *Lampf* prospectively, relying on an earlier decision in which the Second Circuit's establishment of a one- and three-year limitation period was applied prospectively. *See Finkle v. Stratton,* 754 F.Supp. 318 (S.D.N.Y.1990) (holding that *Ceres Partners v. GEL Associates,* 918 F.2d 349 (2d Cir.1990), does not apply retrospectively). *Glick,* however, fails to consider *Beam,* which was decided subsequently to *Finkle.*

tation since that part of the § 9(e) limitation was not applied in *Lampf*. This precise issue has not yet been expressly considered by any court.[4] Plaintiffs, however, cite no precedent that would support dividing the § 9(e) limitation into two separate limitations with one being applied prospectively and one retrospectively. Moreover, it is questionable whether the *Chevron*-type analysis that plaintiffs seek to apply, *see Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), is still fully viable in light of *Beam*. *See Barr*, 770 F.Supp. at 860. Also, it would be inconsistent with *Beam* to make such a division and to require consideration of the individual circumstances and equities of each case in determining whether the one-year limitation should be applied prospectively to a particular plaintiff. *See id.* at 860. *Beam* instead calls for application of one consistent rule in all lawsuits. In light of *Beam*, it must be held that the one- and three-year limitation period of *Lampf* will be applied retrospectively to all cases pending at the time *Lampf* was decided.

■ Plaintiffs argue that defendants should be estopped from raising their statute of limitations defense since it was not in defendants' original answer and was not set forth in an amended answer until this litigation was 16 months old and over four months after the Seventh Circuit decided *Short*. *Lampf*, 111 S.Ct. at 2782, holds that principles of equitable tolling cannot extend the time for bringing a § 10(b) claim beyond the three-year period of repose. This absolute limitation applies equally to equitable estoppel. *See Short*, 908 F.2d at 1391; *Anixter*, at 1435–36. However, since the Bernings brought their suit within the three-year period of repose, it is possible for equitable estoppel to extend the time for filing their suit beyond the one-year discovery limitation to the time that they actually filed suit within the three-year repose period.

■ Plaintiffs contend that they were prejudiced in that they continued to pursue discovery while defendants delayed raising a statute of limitations defense. *Short* was decided on July 30, 1990[5] and defendants were granted leave to amend their answer on December 10, 1990. Plaintiffs contend substantial discovery occurred during this period, while defendants contend little discovery activity occurred. Neither side provides an affidavit or declaration supporting the opposing contentions. It is noted, however, that discovery was to close on July 27, 1990, but, on July 18, it was extended to September 11. On September 11, all discovery was closed except that previously noticed discovery was permitted to be completed. Plaintiffs did not oppose defendants' motion to amend their answer. Also, in their initial response to summary judgment, plaintiffs did not argue that defendants were estopped from raising the statute of limitations defense. Nevertheless, it would be inequitable to hold now that plaintiffs have waived this issue, despite there being little if any prejudice to defendants from the delay, with no consideration being given to defendants' delays. The issue of equitable estoppel will not be considered waived.

Plaintiffs have failed to adequately support their claim of suffering substantial prejudice due to any delay in defendants amending their pleadings. But, even assuming plaintiffs incurred substantial additional costs between July and December, 1990, estoppel would not apply. Even if defendants had raised the statute of limitations defense from the beginning of this lawsuit, plaintiffs would not have saved any litigation expenses. Even if raised by defendants in an earlier pleading, the suit

---

4. *Vito, supra*, involved application of the one-year limitation, but there is no discussion of the distinction raised by plaintiffs. In *Boudreau*, at 498, which expressly relies on *Beam* and *Lampf*, it is unclear if application of the one-year limitation was necessary to the decision of *Boudreau* since the underlying facts of the case are not set forth.

5. The Third Circuit had reached the same conclusion as *Short* in 1988. *See In re Data Access Systems Securities Litigation*, 843 F.2d 1537 (3d Cir.), *cert. denied*, 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988).

would not have been dismissed as untimely because this court would have been bound to follow existing Seventh Circuit precedent prior to July 30, 1990, *see, e.g., Ballis v. Evans,* No. 84 C 9340, 1989 WL 158012 (N.D.Ill. Dec. 15, 1989), and thereafter this court would not have applied *Short* retroactively for the reasons given in the March 7, 1991 Order. It was the Supreme Court's issuance of *Beam* in June 1991 (well after defendants had raised the statute of limitations defense) that changed matters and resulted in plaintiffs incurring substantial litigation expenses pursuing a suit that would ultimately be found to be untimely. Thus, no matter when defendants raised the statute of limitations defense, plaintiffs' lawsuit would not have been dismissed on statute of limitations grounds any earlier than June 20, 1991. Plaintiffs were not prejudiced by any dilatory conduct of defendants. To the extent plaintiffs can be considered to have suffered prejudice, it is due to the change in the law, not defendants' conduct; as previously discussed, though, the change of law is to be applied to plaintiffs regardless of the prejudice they may have suffered as a result. Equitable estoppel does not apply under the circumstances of this case.

 Defendants contend plaintiffs' opposition to their motion for reconsideration is frivolous and therefore sanctionable. While plaintiffs' arguments have been rejected on their merits, those arguments are not frivolous. It was not frivolous to argue that different equities apply to the one-year limitation than to the three-year period of repose. The motion for sanctions will be denied.[6]

IT IS THEREFORE ORDERED that defendants' motion for reconsideration of summary judgment is granted. Defendants' motion for sanctions is denied. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs dismissing plaintiffs' cause of action with prejudice except that claims for common law fraud, breach of fiduciary duty, negligent misrepresentation, RICO, and consumer fraud are dismissed without prejudice.

---

**6.** Plaintiffs originally filed a seven-count complaint. Recognizing that the counts other than the securities fraud count were subject to arbitration, the other claims were amended out of the complaint and may presently be in arbitration. *See* Order dated Dec. 29, 1989, 1989 WL 165117. The judgment entered is without prejudice as to the other six counts contained in the original complaint.