Kay N. BROWN, et al., Plaintiffs,

v.

The HUTTON GROUP,
et al., Defendants.

No. 89 Civ. 611 (WCC).

United States District Court,
S.D. New York.

Oct. 18, 1991.

Beigel & Sandler, Ltd., P.C., New York City and Beigel & Sandler, Ltd., P.C., Chicago, Ill. (Elizabeth M. Toll, of counsel), for plaintiffs.

Spengler Carlson Gubar Brodsky & Frischling, New York City (Richard P. Swanson, of counsel) and Smith, Gill, Fisher & Butts, P.C., Kansas City, Mo. (Irvin V. Belzer and Daniel R. Young, of counsel), for defendants, Indian Wells Production Co., Indian Wells Oil Co. and Hutton/Indian Wells 1983 Energy Income Fund, Ltd.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiff investors charge defendants with fraudulent conduct in connection with the sale of interests in an oil and gas limited partnership. Plaintiffs allege as a first cause of action "Prospectus and Brochure Fraud" under § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). Second Amended Complaint ¶¶ 6–35. Plaintiffs also assert claims of common law fraud against all defendants and a breach of fiduciary duty against defendant E.F. Hutton Group. Defendants have moved to dismiss plaintiffs' claims under § 10(b) of the Exchange Act as time-barred. Defendants also move to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. ("Rule") 12(b)(6) and for failure to plead fraud with particularity pursuant to Rule 9(b), or, in the alternative, for summary judgment pursuant to Rule 56(b).

## Background

Plaintiffs are investors in the Hutton/Indian Wells 1983 Energy Income Fund, Ltd., a limited partnership designed to generate income through the purchase and management of oil and gas producing properties. The partnership has failed to produce any real profits, and plaintiffs brought suit, originally before Judge Walker, against the corporate parties allegedly responsible for organizing and promoting the Partnership and selling interests therein. Defendants include: Hutton Energy Services II, Inc., one of the co-general partners; E.F. Hutton & Co., Inc.; The E.F. Hutton Group, parent of E.F. Hutton & Co., and Hutton Energy, Shearson Lehman Hutton, Inc., recent acquirer of Hutton and its subsidiaries, as well as the partnership, Indian Wells Production Company, the co-general partner, and its parent company, Indian Wells.

In the earlier proceeding, Judge Walker granted defendants' motions for summary judgment and for dismissal pursuant to Rule 9(b) and dismissed the Amended Complaint.[1] Plaintiffs were, however, granted a limited right to replead in order to allege facts supporting their "fatal flaw" claim which would satisfy the requirements of Rule 9(b).

Plaintiffs aver that as a result of defendants' wrongful conduct, their investments are worthless, and consequently seek judgment in the amount of their investments (less cash distributions), consequential damages, interest, costs and disbursements and punitive damages.

This Court presumes familiarity with the comprehensive recitation of facts provided in Judge Walker's opinion. Because this Court today dismisses the instant case on statute of limitations grounds, a more detailed recitation of the facts alleged in the Second Amended Complaint is not provided. At this juncture, the Court notes only that plaintiffs made the purchases that give rise to the present claim in the latter part of 1983 whereas the first complaint was not filed until January 26, 1989.

---

**1.** *See Brown v. E.F. Hutton Group*, 735 F.Supp. 1196 (S.D.N.Y.1990).

Discussion

■■■■ The Supreme Court has recently decided that the limitations period applicable to implied private claims under § 10(b) of the Exchange Act and under Rule 10b–5 is the one-and-three-year structure applicable to express causes of action under the Exchange Act. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Thus, the Court held that "litigations instituted pursuant to § 10(b) and Rule 10b–5 therefore must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." *See id.,* 111 S.Ct. at 2782. Significantly, the Supreme Court applied its holding retroactively in *Lampf,* thereby making the plaintiff-respondents' lawsuit untimely. *See id.* at 2782.

In *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), decided the same day as *Lampf,* the Court addressed the issue of retroactivity with respect to newly announced rules of law, declaring that it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so and that "[o]nce retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application." *See id.,* 111 S.Ct. at 2447–2448. Following *Beam,* a number of cases have applied *Lampf* retroactively.[2] *See Boudreau v. Deloitte, Haskins & Sells,* 942 F.2d 497 (8th Cir.1991) (per curiam); *Berning v. A.G. Edwards & Sons, Inc.,* No. 89–

6483, 1991 WL 192315, 1991 U.S. Dist. LEXIS 12662, (N.D.Ill. Sept. 12, 1991); *Khindri v. Yogel,* No. 87–6121, 1991 WL 175483, 1991 U.S. Dist. LEXIS 12596, (E.D.Pa. Sept. 5, 1991); *Haggerty v. Comstock Gold Co.,* 770 F.Supp. 216 (S.D.N.Y.1991); *Barr v. McGraw–Hill,* 770 F.Supp. 855 (S.D.N.Y.1991); *Klein v. Goetzmann,* 770 F.Supp. 78 (N.D.N.Y.1991); *Vito v. Prudential–Bache Securities, Inc.,* No. 90–7662, 1991 WL 131186, 1991 U.S. Dist. LEXIS 9519, (E.D.Pa. July 11, 1991); *Sanders v. Keefe,* No. 90–4310, 1991 WL 133706, 1991 U.S. Dist. LEXIS 9503, (N.D.Ill. July 11, 1991). While defendants urge this Court to follow these cases in applying *Lampf* retroactively, plaintiffs argue that this Court should defer its consideration of the issues raised by *Lampf* because the Supreme Court elected to vacate and remand *Welch v. Cadre Capital,* 923 F.2d 989 (2d Cir.1991), *vacated, Northwest Savings Bank v. Welch,* — U.S. —, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991), instead of simply reversing the decision.[3] This Court finds plaintiffs' argument unpersuasive. In *Welch,* the Second Circuit refused to apply retroactively the one-and-three-year limitations period for Rule 10b–5 actions it had announced earlier in *Ceres Partners v. GEL Associates,* 918 F.2d 349 (2d Cir.1990). Far from signalling its approval of the decision, in vacating and remanding *Welch* the Supreme Court was suggesting that its decisions in *Lampf* and *Beam* compel a different result on the issue of retroactivity from that reached by the Second Circuit in *Welch.* *See Barr,* 770 F.Supp. at 861 n. 5. Accordingly, plain-

2. The Court knows of only one case, *Glick v. Touche Ross & Co.,* No. 90–4230 (S.D.N.Y. July 26, 1991), that has declined to apply *Lampf* retroactively. *Glick,* however, failed to consider *Beam* and instead based its holding on an earlier decision, *Finkle v. Stratton,* No. 88–3779 (S.D.N.Y. Dec. 26, 1990), which held that the Second Circuit's one and three-year limitations period established in *Ceres Partners v. GEL Associates,* 918 F.2d 349 (2d Cir.1990) does not apply retroactively.

3. At the time of briefing, plaintiffs made two additional arguments as to why this Court should defer its ruling. Plaintiffs argued first that delay was warranted because the respon-

dents in *Lampf* had filed a petition for rehearing on the retroactivity issue. Since the instant case was briefed, however, the petition for rehearing has been denied. *Lampf Pleva Lipkind Prupis & Petigrow v. Gilbertson,* — U.S. —, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991).

Plaintiffs also argued that this Court should defer its ruling on *Lampf*'s retroactivity in light of S.1533, a bill providing for a statute of limitations for 10(b) claims of the later of five years from the sale or two years from discovery or imputed discovery of the violation. The Court deems the existence of this bill, without more, insufficient cause for further delay in the instant case.

tiffs' Exchange Act claims are dismissed as time-barred.

### Pendent Jurisdiction

 Plaintiffs acknowledge that there is not complete diversity with defendants. Second Amended Complaint ¶ 1. Thus, this Court cannot exercise diversity jurisdiction of over plaintiffs' remaining state law claims. Nor does this Court choose to exercise pendent jurisdiction over plaintiffs' remaining claims since the federal-law claims have been dismissed at an early stage of the litigation. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Mayer v. Oil Field Systems Corp.,* 803 F.2d 749, 756–757 (2d Cir.1986); *Goldman v. McMahan, Brafman, Morgan & Co.,* 706 F.Supp. 256, 263 (S.D.N.Y.1989); *Goodman v. Shearson Lehman Bros. Inc.,* 698 F.Supp. 1078, 1087 (S.D.N.Y.1988); *Roebuck v. Guttman,* 678 F.Supp. 68, 69 (S.D.N.Y.1988).

### Conclusion

For the reasons stated, the action is dismissed without prejudice.

SO ORDERED.