Richard H. BRUMBAUGH, Plaintiff,

v.

PRINCETON PARTNERS, Pennvest Company, Thomas L. Ledbetter, Joseph V. Egan, III, Marc A. Zaid, Ralph M. Feaver, Faniel B. Litwin, Howard S. Morris, Gregory J. Russell, John Hancock Distributors, Inc., John Hancock Life Insurance Company, James W. Walls, Sr., Radnor Industries, Ltd., Vidco Investments Ltd., Inc., Arthur Anderson & Company, Goodman & Ewing, Industrial Valley Bank and Trust Co., Thomas J. Maher & Company, Inc., John Doe, James Doe, Richard Doe, John Roe, James Roe, and Richard Roe, Defendants.

Civ. A. No. A:90-1112.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

July 1, 1991.

Richard H. Brumbaugh, Spencer, W.Va., pro se.

Deborah A. Solove, Shottenstein, Zox & Dunn, Columbus, Ohio, for plaintiff.

Arlene Fickler, Hoyle, Morris & Kerr, Philadelphia, Pa., Steven R. Hardman, Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., for Princeton Partners, Pennvest, Ledbetter, Zaid, Litwin, Morris, Russell, Radnor and Vidco.

Harry F. Bell, Jr., Kay, Casto, Chaney, Love & Wise, Charleston, W.Va., for James W. Walls, Sr.

John R. Gall, Pamela H. Thurston, Squire, Sanders & Dempsey, Columbus, Ohio, Charles M. Love, III, Bowles, Rice, McDavid, Graff & Love, Charleston, W.Va., for Arthur Anderson & Co.

James A. Russell, Steptoe & Johnson, Clarksburg, W.Va., for Goodman & Ewing.

Allen R. Prunty, Jackson & Kelly, Charleston, W.Va., for John Hancock Mut. Life and John Hancock Distributors.

Howard J. Kaufman, Peter J. Weidman, Kaufman, Coren & Ress, Philadelphia, Pa., William G. Powell, Ruley & Everett, Parkersburg, W.Va., for Thomas J. Maher & Co., Inc.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are numerous motions to dismiss and motions for summary judgment. Since the Plaintiff's asserted cause of action is time barred, the Court grants the Defendants' motions and ORDERS that this action is dismissed and stricken from the docket of this Court.

Richard Brumbaugh purchased one unit of a limited partnership from Princeton Partners in 1982. Princeton Partners, a Pennsylvania limited partnership, was formed in 1982 to own and operate com-

mercial properties located in Joplin, Missouri, and Princeton, Kentucky. The partnership created lawful tax losses which were used to shelter income of the limited partners.

Subsequent to the Tax Reform Act of 1986, the Internal Revenue Service audited Princeton Partners and disallowed assorted deductions. As a result of the position taken by the Internal Revenue Service, Brumbaugh lost the ability to shelter his income thus diminishing the value of his limited partnership interest.

Plaintiff commenced this action against Princeton Partners and others to recover his $75,000 investment in the limited partnership and other related damages. A cause of action is asserted against everyone involved in offering the limited partnership, including lawyers, accountants, brokers, the general partnership, the general partners, and the sellers of the commercial property. A conspiracy of fraud is alleged.

The crucial dates for resolution of this action as set forth in the Plaintiff's complaint include the 1982 purchase of the limited partnership interest, the November 24, 1988, discovery of fraud and the date this action was commenced, November 23, 1990.

■ Count One of the complaint seeks damages based on an asserted violation of Section 10(b) of the Securities Exchange Act of 1934 and *Rule* 10b–5 promulgated by the Securities Exchange Commission. A Section 10(b) claim is a judicially created cause of action for investors defrauded in connection with the purchase or sale of any security. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Affiliated UTE Citizens v. U.S.*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *Superintendent of Insurance v. Bankers Life and Casualty Co.*, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971). Since a 10(b) cause of action is a judicial creation, there is no expressed statute of limitations period.

The United States Supreme Court of Appeals recently resolved the divergence of opinion regarding the proper limitations period for Section 10(b) claims. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. John Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). When addressing a cause of action very similar to this one, the Court held that: "[l]itigation instituted pursuant to Section 10(b) and *Rule* 10b–5 ... must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." *Id.* —— U.S. at ——, 111 S.Ct. at 2782. This judicially imposed statute of limitations period resolves any conflict with regards to the time frame in which *Rule* 10(b)(5) actions must be filed. The Court stressed the need for a uniform period of limitations and solidified the limitations period by holding that "the equitable tolling doctrine is fundamentally inconsistent with the 1 and 3 year structure." *Id.*

The Plaintiff's asserted cause of action pursuant to Section 10(b) and *Rule* 10b–5 is barred by the statute of limitations. The alleged misrepresentations occurred in 1982, while the Plaintiff's complaint was filed in 1990. Brumbaugh filed this action far outside of the three year period of repose. Additionally, Brumbaugh's complaint was filed on November 23, 1990, which is more than one year after the date he discovered the alleged fraud, November 24, 1988. Accordingly, the Plaintiff's asserted cause of action set forth in Count One pursuant to Section 10(b) and *Rule* 10b–5 is time barred and the Court ORDERS that Count One is dismissed.

■ The cause of action asserted pursuant to the West Virginia Blue Sky law must meet the same fate as the asserted 10b–5 action. West Virginia Blue Sky laws provide for a three year statute of limitations which starts to run upon the sale of the security. *W.Va.Code*, § 32–4–410(e) (1988 Replacement Vol.). The limitation period provides that "[n]o person may sue under this section more than three years after the sale." Since the complaint sets

forth a cause of action for alleged violations that occurred some eight years previous, Count Five asserting a cause of action based upon West Virginia Blue Sky laws is time barred. Accordingly, the Plaintiff's asserted cause of action set forth in Count Five pursuant to the West Virginia Blue Sky Law is time barred and the Court ORDERS that Count Five is dismissed.

■ With respect to the other asserted causes of action set forth in the Plaintiff's complaint, the Court concludes that the Plaintiff has failed to set forth separate and independent causes of action. In the remaining counts, the Plaintiff asserts causes of action based upon common law fraud and deceit, rescission, cancellation and constructive trust, breach of fiduciary duty, various theories of negligence, legal malpractice, accountant malpractice, professional malpractice, and theories of *respondeat superior*. This shotgun approach to pleading fails to set forth independent or alternative claims as required for joinder of claims pursuant to *Rule* 18(a), Federal Rules of Civil Procedure.

The complaint was filed from one set of factual circumstances under multiple legal theories. This type of pleading is permissible so long as each count alleges a separate and independent cause of action. The Plaintiff, although innovative in stating legal theories, essentially asserts one cause of action based upon the federal securities law and one cause of action based upon state securities law. All fourteen counts of the complaint, when boiled down, must fall into either of these two categories. Both the federal and state causes of action for securities violations are barred by their applicable statute of limitations as previously discussed. Accordingly, the Court views Counts Two through Four and Six through Fourteen as failing to state independent claims as required pursuant to *Rule* 18(a), Federal Rules of Civil Procedure.

■■ Even assuming that Counts Two through Four and Six through Fourteen state independent claims, they also are barred by the appropriate statute of limitation periods. Common law fraud, breach of fiduciary duty, legal malpractice, accountant malpractice, professional malpractice and *respondeat superior* causes of action are subject to the two year statute of limitations set forth in *W. Va. Code*, § 55–2–12 (1981 Replacement Vol.). Plaintiff purchased his limited partnership share eight years prior to filing his complaint. This complaint obviously was filed outside of the two year period set forth in *W. Va. Code*, § 55–2–12. Although West Virginia has frequently applied a "discovery" rule in determining when a statute of limitation begins to run, the Court concludes that a discovery rule is inapplicable to a securities fraud action. *W. Va. Code*, § 32–4–410(e) establishes a three year period of repose for securities fraud actions. It would be inconsistent for the Court to recognize a "discovery" rule in this securities fraud action under one of the Plaintiff's various legal theories. West Virginia law, consistent with federal securities law as set forth in *Lampf v. Gilbertson, supra*, sets three years from the date of sale as the maximum time period for filing securities fraud actions.

Finally, the Court notes that each of the named Defendants is within this Court's jurisdiction for an action filed pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Securities Exchange Commission Rule 10b–5. If this action were filed or pursued under diversity of citizenship jurisdiction, many, if not all of the Defendants, fail to meet the requirement of "minimum contacts" to justify the exercise of this Court's jurisdiction.

Accordingly, for the reasons set forth above and others, the Court grants all outstanding motions to dismiss and motions for summary judgment made by the various Defendants and ORDERS the Plaintiff's complaint dismissed with prejudice and this action removed from the docket of this Court.