BANK OF DENVER, a Colorado banking association, and Oscar F. Sjoberg, Jr., individually and on behalf of all others similarly situated, Plaintiffs,

v.

SOUTHEASTERN CAPITAL GROUP, INC. f/k/a Southeastern Municipal Bonds, Inc., a Florida corporation; First United Securities Group of California, Inc., a California corporation; Michael Siemer; Kenneth W. Hutchison and Charlotte S. Hutchison; Robert C. MacElvain; Martha B. Taylor; Martha B. Taylor, P.C.; Calkins, Kramer, Grimshaw & Harring; Calkins, Kramer, Grimshaw & Harring, P.C.; H. Harold Calkins; Richard L. Harring; Victor L. Wallace, II, P.C.; Robert L. Kirby; James S. Bailey, Jr., P.C.; John J. Tipton, P.C.; Gilbert F. McNeish, P.C.; Wayne B. Schroeder, P.C.; Wendy J. Harring; Ward L. Van Scoyk; Bruce E. Deacon; T. Edward Icenogle; Richard L. Shearer; Matthew R. Dalton; John A. Eckstein; Frederick Huff; Charles E. Norton; and Terry L. Cook, Defendants.

Civ. No. 90–B–1551.

United States District Court, D. Colorado.

Aug. 20, 1991.

Joseph E. Meyer, III, Susan M. Hargleroad, William J. Martinez, Pendleton & Sabian, P.C., Denver, Colo., for plaintiffs.

John D. Phillips, A. Peter Gregory, Hall & Evans, Denver, Colo., for Calkins' defendants except Van Scoyk.

Aldo DelPiccolo, Wood, Ris & Hames, P.C., Denver, Colo., for Taylors.

Larry F. Hobbs, Rita Byrnes Kittle, Hornbein MacDonald Fattor and Hobbs, P.C., Denver, Colo., for K & C Hutchinson.

Thomas D. Birge, Brega & Winters, P.C., Denver, Colo., for S.E. Capital.

Robert C. MacElvain, pro se.

Kim B. Childs, Dean A. McConnell, Cooper & Kelley, P.C., Denver, Colo., for Van Scoyk and Icenogle.

MEMORANDUM OPINION
AND ORDER

BABCOCK, District Judge.

Before me are motions to dismiss plaintiffs' claim under section 10(b) of the 1934 Securities Exchange Act, and Securities Exchange Commission Rule 10(b)–5 (the 10(b) claim). Moving defendants contend that the plaintiffs failed to bring the claim within the applicable statute of limitations period. I agree, and grant the motion. The motions are fully briefed and oral argument will not materially assist me in their resolution.

In their second amended complaint, plaintiffs alleged twelve claims arising from the issuance, offer and sale of bonds by the

Will–O–Wisp Metropolitan District (the district) to finance a district development. By memorandum opinion and order of May 9, 1991, I dismissed all claims but the 10(b) claim. *Bank of Denver v. Southeastern Capital Group, Inc.*, 763 F.Supp. 1552 (D.Colo.1991). A more detailed description of the facts is set forth in that opinion. I summarize the pertinent facts here.

According to the second amended complaint, plaintiffs bring this class action on behalf of themselves and the purchasers of bonds issued in August, 1986 by the district. The bonds were issued to finance a development created and controlled by defendant developers. The bonds were sold using a document entitled "Official Statement" which was allegedly distributed to the purchasers. Plaintiffs allege that the official statement was materially false and misleading, in violation of section 10(b) of the 1934 Securities Exchange Act (1934 Act), 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5. It is undisputed that the official statement was issued August 19, 1986.

Defendants Southeastern Capital Group, Inc., Kenneth W. and Charlotte S. Hutchison, Martha B. Taylor & Martha B. Taylor, P.C., Calkins, Kramer, Grimshaw & Harring and partners of the firm, including Ward L. Van Scoyk and T. Edward Icenogle, (collectively defendants) move to dismiss based on the statute of limitations for 10(b) actions as set forth in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Defendants First United Securities Group of California, Inc., Michael Siemer and Robert C. MacElvain do not join in the motions.

Under *Lampf,* "[l]itigation instituted pursuant to § 10(b) and Rule 10b–5 ... must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." *Lampf,* 111 S.Ct. at 2782. The 3–year period of repose is not subject to tolling. *Lampf,* 111 S.Ct. at 2782. The parties agree that if *Lampf* applies to the plaintiffs, their 10(b) claim is precluded.

This is so because the official statement was issued August 19, 1986, and the complaint was filed August 13, 1990. Thus, over four years passed from the time of the alleged 10(b) violation and the filing of the complaint.

Plaintiffs argue that *Lampf,* decided after their complaint was filed, should not apply retroactively to preclude their 10(b) claim. Plaintiffs argue that I should apply the analysis of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and decline to apply *Lampf* retroactively here. I disagree.

First, both the United States Supreme Court and the Tenth Circuit have applied retroactively the statute of limitations period articulated in *Lampf. Lampf,* 111 S.Ct. at 2782; *Anixter v. Home–Stake Prod. Co.,* 939 F.2d 1420, Fed.Sec.L.Rep. (CCH) ¶ 96,128 (10th Cir.1991). As Justice O'Connor, made clear in her dissent, there is no doubt that the Supreme Court had before it the contention that the statutory period it adopted should not be applied retroactively unless the *Chevron* test is met. Justice O'Connor, joined by Justice Kennedy, stated:

> [t]he Court's treatment of the retroactivity question cannot be an oversight. The parties briefed the issue in this Court. In addition, the United States, filing an *amicus curiae* brief on behalf of the Securities and Exchange Commission, addressed the issue explicitly, urging the Court to remand so that the lower court may address the retroactivity question in the first instance.

*Lampf,* 111 S.Ct. at 2787 (O'Connor dissenting) (citations to record omitted).

The Supreme Court nonetheless applied the period retroactively to the parties before it without looking to the factors of *Chevron.*

Likewise, there is no reason to believe that the Tenth Circuit was any less aware of the retroactivity issue. The Tenth Circuit too applied the limitations period defined in *Lampf* retroactively without applying the *Chevron* test. Being bound by both the Tenth Circuit and the Supreme Court, I also apply *Lampf* retroactively and without *Chevron* analysis.

Second, on the same day the Supreme Court issued *Lampf,* it issued *James B. Beam Distilling Co. v. Georgia,* — U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). In that case, the Court considered whether to apply retroactively the new constitutional rule it had announced earlier in *Baccus Imports, Ltd. v. Dias,* 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984). The Georgia Supreme Court, applying *Chevron* analysis, declined to apply the rule retroactively to the parties before it. The Supreme Court reversed: "the question is whether it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equity and *stare decisis* here prevailing over any claim based on a *Chevron Oil* analysis." *James B. Beam Distilling Co.,* 111 S.Ct. at 2446. The Supreme Court concluded that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *James B. Beam Distilling Co.,* 111 S.Ct. at 2448.

Plaintiffs contend that *James B. Beam Distilling Co.* should not be applied to cases imposing a new statute of limitations. There is nothing in that opinion, however, to support that assertion. Indeed, in *Welch v. Cadre Capital,* 923 F.2d 989 (2d Cir.), *rev'd,* — U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991), the Second Circuit, applying *Chevron* analysis, held that its adoption of a uniform federal limitations period identical to that adopted in *Lampf,* should not be applied retroactively. The Supreme Court reversed and remanded for reconsideration in light of *James B. Beam Distilling Co.* and *Lampf,* implying that the discussion of retroactivity in *James B. Beam Distilling Co.* is relevant outside the context of a new constitutional rule. *See Barr v. McGraw Hill,* 770 F.Supp. 855 (S.D.N.Y.1991); *see also Brumbaugh v. Princeton Partners,* 766 F.Supp. 497, Fed. Sec.L.Rep. (CCH) ¶ 96,103 (S.D.W.Va.1991) (*Lampf* applied without discussion of re-

troactivity). *But see Glick v. Berk & Michaels, P.C.,* No. 90–Civ. 4230 (S.D.N.Y. July 26, 1991) (1991 WL 152614, LEXIS Genfed library, Dist file) (*Lampf* not applied retroactively); *Sanders v. Keefe,* No. 90–C–4310 (N.D.Ill. July 11, 1991) (1991 WL 133706, LEXIS Genfed library, Dist file) (applying repose period retroactively under *Chevron* but without discussion of *James B. Beam Distilling Co.*).

*Lampf* and *Anixter* applied the uniform federal limitations period for 10(b) claims retroactively to the parties before those courts. Under *James B. Beam Distilling Co.,* I too must apply the limitations period to the parties here. *See Baggett v. Edward D. Jones & Co.,* No. 90–1054–C (D.Kan. June 27, 1991) (1991 WL 126602, LEXIS Genfed library, Dist file); *cf. Duke v. Touche Ross & Co.,* Fed.Sec.L.Rep. ¶ 96,-121 (S.D.N.Y. July 25, 1991) (1991 WL 137493, LEXIS Genfed library, Dist file); *In re Rospatch Sec. Litig.,* Nos. 90–CV–805 to 807 & 91–CV–85 (W.D.Mich. July 22, 1991) (LEXIS Genfed library, Dist file). Consequently, plaintiffs' 10(b) claim is barred by the three-year period of repose.

Accordingly, it is ORDERED THAT the motions to dismiss plaintiffs' claim under section 10(b) of the 1934 Securities Exchange Act and Securities Exchange Commission Rule 10(b)–5, filed by defendants

(1) Southeastern Capital Group, Inc. f/k/a Southeastern Municipal Bonds, Inc.;

(2) Kenneth W. Hutchison and Charlotte S. Hutchison;

(3) Martha B. Taylor and Martha B. Taylor, P.C.;

(4) Calkins, Kramer, Grimshaw & Harring; Calkins, Kramer, Grimshaw & Harring, P.C.; H. Harold Calkins; Richard L. Harring; Victor L. Wallace, II, P.C.; Robert L. Kirby; James S. Bailey, Jr., P.C.; John J. Tipton, P.C.; Gilbert F. Mcneish, P.C.; Wayne B. Schroeder, P.C.; Wendy J. Harring; Bruce E. Deacon; Richard L. Shearer; Matthew R. Dalton; John A. Eckstein; Frederick Huff; Charles E. Norton; and Terry L. Cook; and

(5) Ward L. Van Scoyk and T. Edward Icenogle,

are GRANTED.