Robert T. HELD and Louise
K. Held, Plaintiffs,

v.

Yosef DAVIS, individually, and as a general partner of D & E Limited, Morris Esformes, individually, and as a general partner of D & E Limited, D & E Limited, a limited partnership, Samuel Sonnenschine, individually, and as a general partner of Ten Oaks Limited, Alan N. Mirwis, individually and as a general partner of Ten Oaks Limited, and Ten Oaks Limited, a limited partnership, Defendants.

Yosef DAVIS, Morris Esformes, and D & E Limited, Third Party Plaintiffs,

v.

Wes SAMUELS, et al., Third Party Defendants.

No. 89-6684-CIV.

United States District Court, S.D. Florida.

Nov. 19, 1991.

Mara Beth Sommers and Richard H. Critchlow, McDermott, Will & Emery, Miami, Fla., for plaintiffs Robert T. Held and Louise K. Held.

Steven M. Harris, Miami, Fla., and Lawerence S. Feld, Tenzer, Greenblatt, Fallon & Kaplan, New York City, for defendants Samuel Sonnenschine and Ten Oaks, Ltd.

Gary M. Dunkel, Lewis, Vegosen, Rosenbach & Fitzgerald, West Palm Beach, Fla., and Renan I. Sugarman, Fishman & Merrick, Chicago, Ill., for defendants Yosef Davis, Morris Esformes and D&E Ltd.

Thomas Tew, Tew & Garcia-Pedrosa, Miami, Fla., for defendant Alan N. Mirwis.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Motion To Vacate Stay On Ruling On Pending Motion To Dismiss And Upon Said Vacatur Granting the Motion. The parties have fully briefed the motion and the motion is now ripe for ruling. For the reasons explained below, the Court will vacate the current stay and will proceed to rule on the pending motions to dismiss.

I. Factual Allegations

At some point in time, in or around December of 1983, the defendants Yosef Davis and Morris Esformes formed the de-

fendant limited partnership D & E Limited. Amended Complaint at ¶ 12. At about the same time, the defendant Samuel Sonnenschine and Alan Mirwis formed the defendant limited partnership Ten Oaks Limited. *Id.* Purportedly, the individual defendants created D & E and Ten Oaks for the purpose of forming a joint venture to acquire the Ten Oaks Apartments Complex, a residential apartment complex in Clayton County, Georgia. *Id.* In the fall of 1984, third party defendant Art Goodsite, allegedly on behalf of the defendants, and in an effort to gain additional financing for Ten Oaks, asked the plaintiff Robert Held to make an investment in D & E. *Id.* at ¶ 18. Having decided to invest in D & E in November of 1984, *id.* at ¶ 21, Held executed and mailed two checks to D & E, one during November of 1984 in the amount of $125,000 and the other in December of 1984 in the amount of $325,000. *Id.* at ¶¶ 21–22. At some point in December of 1984, Held also executed a promissory note in the amount of $396,055 payable to D & E. *Id.* at ¶ 23.

Held believed his investment purchased 62.25% of the total interest in D & E. *Id.* at ¶ 24–25. At some point after Held invested in the venture, the defendants fraudulently diluted the plaintiffs' interest in D & E from 62.25% to 12.252%. *Id.* at ¶ 29–30. This dilution of their interest, the plaintiffs allege, was in furtherance of the defendants' plan to conceal from Held the true state of affairs regarding the project—i.e., that the efforts to raise capital had been unsuccessful; that, at the time of the plaintiffs' contribution, the project was on the verge of foreclosure; that the plaintiffs' contribution was essential to prevent foreclosure; and that significant capital shortages still existed with respect to the Ten Oaks venture. *Id.* at ¶ 30.

## II. Procedural Background

On September 5, 1984, Robert T. Held and Louise K. Held filed suit against Davis, Esformes, D & E Limited, Sonnenschine, Mirwis, and Ten Oaks Limited. The plaintiffs filed an Amended Complaint on December 22, 1990. The Amended Complaint alleges a violation of § 10(b) of the Securi-

ties Exchange Act of 1934, 48 Stat. 891, 15 U.S.C. § 78j(b), and a violation of Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5 (1990), as well as various pendent state claims, all arising out of the plaintiffs' purchase of the limited partnership interests. Davis, Esformes, and D & E Limited then filed a third party complaint against Wes Samuels, Art Goodsite, and the accounting firm of Frost, Ruthenberg & Rothblatt, P.C.

On February 14, 1990, the defendants Sonnenschine, Mirwis, and Ten Oaks Limited filed an Omnibus Motion To Dismiss the Amended Complaint. On the same day, the defendants Davis, Esformes, and D & E Limited also filed a motion to dismiss the Amended Complaint. As relevant here, the defendants moved to dismiss the Amended Complaint on the ground that the plaintiffs' federal securities claims are time barred. The parties also asked the Court to dismiss the plaintiffs' pendent state claims on the ground that, if the Court did dismiss the federal securities claims, there would be no independent basis of federal jurisdiction to support the pendent claims. The third party defendants also have filed a motion to dismiss the third party complaint.

On November 27, 1990, the Court stayed ruling on the pending motions to dismiss because the Supreme Court of the United States granted certiorari to resolve a conflict which had emerged among the federal courts over the proper limitation period applicable to claims arising under § 10(b) and Rule 10b–5.

## III. The *Lampf* Decision

In *Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson,* —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), the Supreme Court resolved the inter-circuit conflict and held that litigants must commence all § 10(b) and Rule 10b–5 claims within one year after the discovery of the facts constituting the violation and within three years after the violation. *Id.* 111 S.Ct. at 2782. Essentially, the Court announced a one year discovery rule and a three year period of repose after which no claims may be brought—no matter when the plaintiff

discovered the underlying facts. Moreover, the Court held that this three year period of repose is not subject to equitable tolling. *Id.* Significantly, the Supreme Court applied the newly announced limitation period retroactively in *Lampf* and found the plaintiffs' claims therein to be untimely under the rule. *Id.*

## IV. Discussion

### A. *Motions To Dismiss*

Because the Supreme Court has ruled in *Lampf,* the defendants have filed a motion asking the Court to vacate the current stay and then grant the pending motions to dismiss. With regard to the motions to dismiss, the defendants ask the Court initially to dismiss the federal securities claims on the ground that those claims are barred by the limitation period announced in *Lampf.* Once the Court dismisses the federal claims, the defendants contend, the Court then should dismiss the pendent state claims for lack of an independent basis of federal jurisdiction.

The plaintiffs have filed a Response in which they essentially concede that if the new rule applies to their case, the federal claims would be barred. They attempt to argue, however, that the retroactivity of the new rule was not announced expressly in the body of the Court's *Lampf* opinion and that applying the decision retroactively would, as Justice O'Connor noted in dissent, be against established doctrine concerning the retroactivity of new court decisions. In addition, the plaintiffs ask that, if the Court does grant the motion to dismiss, the Court also stay dismissal of the pendent state claims for a period of twenty days so that the plaintiffs may refile the claims in state court.

### B. *Retroactivity of Lampf*

The threshold, and potentially dispositive, issue the Court must tackle here is whether the limitation period announced in *Lampf* is to be applied retroactively. As noted previously, the Supreme Court applied the new limitation period retroactively in *Lampf.* Significantly, the Supreme Court applied the new limitation period retroactively without analyzing the new rule under the factors announced in *Chev-*

*ron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In fact, beyond the Court cryptically applying the new rule to the *Lampf* litigants in the penultimate sentence of the majority opinion, there is no discussion of retroactivity in the opinion.

Contrary to the Helds' suggestion in their Response, the lack of discussion in the majority opinion does not by any means indicate that the Court did not intend the new rule to apply retroactively. Instead, the Court's intention appears quite to the contrary. As Justice O'Connor candidly points out in her dissent in *Lampf,* the majority's failure to address the retroactivity issue could not have been a mere oversight because the parties fully briefed the retroactivity issue in the Supreme Court. *Lampf,* 111 S.Ct. at 2787 (O'Connor, J., dissenting). This Court finds it hard to believe that the Supreme Court intended the new limitation period only to apply prospectively, or even that the Court intended some kind of selective prospectivity, in light of the parties in *Lampf* having fully briefed the retroactivity issue, in light of Justice O'Connor vigorously arguing against retroactive application of the new limitation period in her dissent, and in light of the majority applying the new limitation period to bar the plaintiffs' claims in *Lampf.*

Moreover, the Court's decision in *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), issued on the same day the Court issued its decision in *Lampf,* further militates in favor of retroactive application of the new limitation period. In *Jim Beam,* the Supreme Court of the United States had to decide if the Georgia Supreme Court had erred by declining to apply retroactively the new constitutional rule announced in *Bacchus Imports, Ltd. v. Dias,* 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984). Significantly, the Georgia Supreme Court had declined to apply the new rule retroactively after engaging in a *Chevron* analysis. The Supreme Court of the United States reversed stating that "when the Court has applied a rule of law to the

litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Jim Beam,* 111 S.Ct. at 2448.[1] The Court found that the Georgia Supreme Court erred in refusing "to apply a rule of federal law retroactively after the case announcing the rule has already done so." *Id.* 111 S.Ct. at 2446. The Court reasoned that "[o]nce retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application." *Id.* 111 S.Ct. at 2447–48. Although *Jim Beam* addressed the retroactive application of a new *constitutional* rule, the Court's reasoning has been extended to the question of whether a new limitation period is to be retroactively applied. *Barr v. McGraw–Hill,* 770 F.Supp. 855 (S.D.N.Y.1991).

After careful consideration of the issue, this Court agrees with those federal courts which have applied the limitation period announced in *Lampf* retroactively. *See, e.g., Welch v. Cadre Capital,* 946 F.2d 185, (2nd Cir., 1991); *Boudreau v. Deloitte, Haskins & Sells,* 942 F.2d 497 (8th Cir. 1991); *Anixter v. Home–Stake Prod. Co.,* 939 F.2d 1420 (10th Cir.1991); *Bank of Denver v. Southeastern Capital Group, Inc.,* 770 F.Supp. 595 (D.Colo.1991); *Barr v. McGraw–Hill,* 770 F.Supp. 855 (S.D.N.Y.1991). Moreover, because the Supreme Court itself applied the new limitation period to the litigants in *Lampf,* this Court finds that it is unnecessary to engage in a *Chevron* analysis to resolve the retroactivity issue. *See Jim Beam,* —— U.S. ——, 111 S.Ct. 2439; *Bank of Denver,* 770 F.Supp. at 596; *Barr,* 770 F.Supp. at 861. Accordingly, the Court holds that the limitation period announced in *Lampf* applies retroactively to all claims not finally adjudicated on the date the Supreme Court of the United States decided *Lampf,* including the plaintiffs' claims in count V of the Amended Complaint herein.

C. *Application of Lampf Limitation Period*

■ Having determined that the *Lampf* limitation period applies to the plaintiffs' federal claims, it remains to be determined whether the plaintiffs' claims are in fact time-barred under the new rule. After careful examination, the Court finds that it is clear from the face of the Amended Complaint that the plaintiffs' federal claims are barred by the limitation period announced in *Lampf.*[2]

The acts which constitute the violations of § 10(b) and Rule 10b–5 allegedly occurred, at the latest, in December of 1984. The Amended Complaint is wholly devoid of any allegation that the defendants solicited an investment from Held, or that Held made an additional investment in D & E, after December of 1984. Accordingly, the Court finds that it is clear on the face of the plaintiffs' Amended Complaint that their claims arose no later than December 31, 1984.

The plaintiffs filed their initial complaint in this case on September 5, 1989. Applying the three year period of repose, the federal claims are obviously untimely. Accordingly, the Court will grant the defendants' motions to dismiss and will dismiss count V of the Amended Complaint. Because the plaintiffs do not allege that there is a basis for the Court retaining jurisdiction over counts I, II, III, and IV based on the diverse citizenship of the parties—indeed they cannot because the plaintiffs and the defendant Ten Oaks each are alleged to

1. Although only Justice Stevens joined Justice Souter's opinion for the Court in *Jim Beam,* six Justices favored retroactivity. *See Barr v. McGraw–Hill,* 770 F.Supp. 855, 860 n. 4 (S.D.N.Y.1991). In fact, the opinions of the four concurring Justices reveal that a majority of the Supreme Court will give full retroactive effect to a new rule of civil law when the new rule is applied to the litigants in the case in which the Court fashions the rule. *See Boudreau v. Deloitte, Haskins & Sells,* 942 F.2d 497, 498 n. 1 (8th Cir.1991).

2. Although the lapsing of a limitation period is an affirmative defense which technically cannot be raised in a motion to dismiss, *see Concordia v. Bendekovic,* 693 F.2d 1073 (11th Cir.1982), a court may consider such an affirmative defense in a motion to dismiss where the existence of the defense clearly appears on the face of the complaint. *Id.* at 1075; *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984), *cert. denied,* 476 U.S. 1124, 106 S.Ct. 1992, 90 L.Ed.2d 673 (1986); *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288, 293 (5th Cir.1977).

be citizens of Florida—the Court will dismiss the remaining counts of the Amended Complaint for lack of an independent basis of federal jurisdiction.

Further, because the Court will dismiss all the plaintiffs' claims in the Amended Complaint, the Court also will grant the third party defendants' motion to dismiss and will dismiss the third party complaint filed by the defendants Davis, Esformes, and D & E for failure to state a claim. Finally, the Court rejects the plaintiffs' request to stay dismissal of the pendent state claims as unnecessary.

Accordingly, having reviewed the motions and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The defendants' Motion To Vacate Stay On Ruling On Pending Motion To Dismiss And Upon Said Vacatur Granting The Motion is GRANTED. The previously imposed stay is hereby VACATED.

(2) The Omnibus Motion To Dismiss The Amended Complaint Of Defendants Samuel Sonnenschine, Alan N. Mirwis, and Ten Oaks Limited is GRANTED.

(3) The Motion To Dismiss Of Defendants And Third–Party Plaintiffs Yosef Davis, Morris Esformes, and D & E Limited is GRANTED.

(4) Count V of the plaintiffs' Amended Complaint is DISMISSED on the ground that the claims stated therein are barred by the applicable statute of limitations. Counts I, II, III, and IV of the plaintiffs' Amended Complaint are DISMISSED for lack of jurisdiction.

(5) The third party defendants' Motion To Dismiss Third Party Complaint is GRANTED. The third party complaint is DISMISSED.

(6) The Clerk of the Court is DIRECTED to close this case.

DONE AND ORDERED.