**Tom KOULOURIS, Plaintiff,**

v.

**Hymen Paul CHALMERS, Andy Nanos and Electronics, Missiles & Communications, Inc., Defendants.**

**No. 89 C 0734.**

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1991.

Daniel Francis Webb, Jr., Chicago, Ill., for plaintiff.

Howard R. Barron, Ronald L. Marmer, Howard Steven Suskin, Jenner & Block, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Tom Koulouris brought this five-count action charging defendants Hymen Paul Chalmers, Andy Nanos, and Electronics Missiles & Communications, Inc. ("EMC") with violations of § 10(b) of the

Securities and Exchange Act of 1934 and Rule 10b–5 promulgated thereunder (Count 1), § 20 of the 1934 Act (Count III), the Racketeer Influenced and Corrupt Organizations Act (Count V), common-law fraud (Count II), and accomplice liability (Count IV). On August 15, 1989, we denied defendants' motion for judgment on the pleadings on Counts I, III and IV, reasoning that Koulouris "had adequately pled facts that would allow application of the doctrine of fraudulent concealment to toll the governing statute of limitations—the three-year period for Illinois securities actions, Ill.Rev.Stat. ch. 121½, ¶ 137.13(D)—until sometime in 1987." *Koulouris v. Chalmers*, No. 89–0734 (N.D.Ill. Aug. 15, 1989). In light of the recent Supreme Court decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), EMC renews its motion for judgment on the pleadings on Counts I, III and IV of Koulouris' amended complaint on the grounds that the claims are time-barred. For the reasons as set forth below, EMC's motion for judgment on the pleadings is granted.[1]

In *Lampf*, the Supreme Court held that actions brought pursuant to § 10(b) of the 1934 Act and Rule 10b–5 are governed by a 1–and–3–year limitations period. *Lampf*, 111 S.Ct. at 2782. Thus, a plaintiff must file suit within one year after the discovery of the facts constituting the violation, and, in any case, within three years after such violation. *Id.* Moreover, the Supreme Court explicitly refused to apply the doctrine of equitable tolling, concluding that the doctrine was "fundamentally inconsistent with the 1–and–3–year structure." *Id.*

At the onset, we observe that Koulouris does not dispute that he failed to file suit within the three-year period of repose adopted in *Lampf*.[2] Instead, Koulouris argues that *Lampf* is inapplicable to the present case. We disagree.

■ There can be no doubt that *Lampf* applies retroactively to the present case. Significantly, the Court in *Lampf* applied the 1–and–3–year limitation retroactively to the litigation in which the new rule was announced, despite the fact that the plaintiff had justifiably relied on Oregon's 2–year statute under state-borrowing principles. *Lampf*, 111 S.Ct. at 2782–83. Although this retroactive application was undertaken without any discussion of the retroactivity issue, and was effected over a dissenting opinion that noted that the Court had previously declined to apply new statute of limitations rules to the litigation in which the new rule was announced, *id.* at 2785–87 (O'Conner, J., dissenting), subsequent Supreme Court pronouncements make clear that *Lampf* must be given retroactive application. On the same day it issued the *Lampf* decision, the Court recognized the fallacy in a refusal to apply retroactively to all civil cases pending on direct review a rule of federal law previously applied retroactively in the case announcing the rule. *See James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). Moreover, the Court in *Northwest Savings Bank, PaSA v. Welch*, — U.S. —, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991), specifically confirmed the retroactive application of *Lampf* to all pending actions. In that case, the plaintiffs filed suit under § 10(b), alleging material misrepresentations and omissions in connection with purchases of interests in an oil and gas drilling venture. The district court dismissed the action, applying the 1–and–3–year federal limitations rule. *Welch v. Cadre Capital*, 735 F.Supp.

---

1. EMC has also moved to dismiss Koulouris' amended complaint in its entirety pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. On September 15, 1989, we did just that. However, on February 4, 1991, the Seventh Circuit reversed and remanded without oral argument. The Seventh Circuit found that Koulouris' only transgressions were "the failure to appear at one status conference and the failure to answer a set of interrogatories and a request for production for a three-month period prior to the time that discovery was stayed." Consistent with the court's conclusion that those transgressions

"simply do not demonstrate a lack of prosecutive intent sufficient to justify the extreme sanction of dismissal," we deny EMC's motion to dismiss pursuant to Fed.R.Civ.P. 41(b).

2. This action arises from the 1983 and 1984 sale of EMC stock which later plummeted in value from a high of $14 to a low of $2½ per share. It is undisputed that Koulouris' stock purchases occurred prior to November 1985. Koulouris did not file suit until January 27, 1989.

467 (D.Conn.1989). The Second Circuit reversed on appeal, holding that its decision in *Ceres Partners v. GEL Associates*, 918 F.2d 349 (2d Cir.1990) (adopting the 1–and–3–year federal limitations rule), should not be applied retroactively. *Welch v. Cadre Capital*, 923 F.2d 989, 995 (2d Cir.1991). However, on June 28, 1991, the Supreme Court vacated the judgment of the Second Circuit and remanded the case for further consideration in light of *James Beam* and *Lampf. Northwest Savings*, 111 S.Ct. at 2882.

 In addition, Koulouris argues that *Lampf* should not govern his claims because the statute of limitations issue was not raised during his appeal to the Seventh Circuit. At root, Koulouris seemingly appeals to the "law of the case" doctrine, asserting that, in reliance on this court's August 15, 1989 decision, the case has progressed substantially. However, because our previous denial of EMC's motion for judgment on the pleadings was an interlocutory order, we are not bound by the law of the case doctrine and may reconsider our decision at any time. *Harrington v. New England Life Ins. Co.*, 684 F.Supp. 174, 175 n. 1 (N.D.Ill.1988); 1B J. Moore, *Moore's Federal Practice* § 0.404[4.–1] (1984). Moreover, it is well settled that the law of the case doctrine does not apply when "the controlling authority has since made a contrary decision of law applicable to such issues." *Indianapolis Power & Light Co. v. N.L.R.B.*, 898 F.2d 524, 529 (7th Cir.1990) (citing *Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir.1989)). Indeed, many courts have permitted defendants who had raised statute of limitations defenses by motion unsuccessfully prior to *Lampf* to renew their motions in light of the Supreme Court's recent decision. *See, e.g., Otto v. Variable Annuity Life Ins. Co.*, No. 82–4762, 1991 WL 246579 (N.D.Ill. Nov. 8, 1991); *Berning v. A.G. Edwards & Sons, Inc.*, 774 F.Supp. 480 (N.D.Ill.1991); *Bank of Denver v. Southeastern Capital Group, Inc.*, 770 F.Supp. 595 (D.Colo.1991).

Accordingly, as Koulouris did not file his initial complaint within three years after the alleged violation, we grant EMC's motion for judgment on the pleadings and dismiss Counts I, III and IV. It is so ordered.