MANICINI ENTERPRISES, INC., a
Florida for-profit corporation,
Plaintiff,

v.

AMERICAN EXPRESS COMPANY and American Express Travel Related Services Company, Inc., foreign corporations.

No. 06–60385 CIV.

United States District Court,
S.D. Florida,
Miami Division.

July 31, 2006.

John Joseph Quick, Michael Steven Popok, Weiss, Serota, Helfman, Pastoriza, et al., Miami, FL, for Plaintiff.

Debra Mann Cohen, Mandel, Weisman, Kirschner, Brodie, Boca Raton, FL, for American Express Company and American Express Travel Related Services Company, Inc., foreign corporations.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

COOKE, District Judge.

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss (DE 2), filed March 29, 2006. Plaintiff filed its response on April 28, 2006. The Defendants filed their reply on May 18, 2006. The Court having reviewed the Motions finds, for the reasons set forth below, that Defendants' Motion to Dismiss should be denied.

### I. BACKGROUND

When initially filed this action was pending before the Seventeenth Judicial Circuit in and for Broward County, Florida. However, on March 27, 2006, the Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441. The crux of Plaintiff's Complaint asserts allegations of breach of contract against the Defendants. Specifically, Plaintiff alleges that Defendants unilaterally underpaid for certain placement and IT consulting projects that Plaintiff allegedly performed for Defendants pursuant to various agreements from 2001 to 2002. *See* Compl. The Complaint sets forth claims for breach of contract, quantum meruit, and unjust enrichment.

### II. PROCEDURAL HISTORY

The Defendants filed their Motion to Dismiss on March 29, 2006. Plaintiff filed its response on April 28, 2006. Thereafter, the Defendants filed their reply on May 18, 2006. Thus, Defendants' Motion to Dismiss is ripe for adjudication.

### III. MOTION TO DISMISS STANDARD

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact

as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." *Solis–Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1429 (11th Cir.1985) (*citing Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65–66, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978)). *See Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993). A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993). However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### IV. *ANALYSIS*

In their Motion, Defendants asserts the following arguments: 1) the Complaint should be dismissed because it fails to set forth allegations and claims upon which relief can be granted as to each Defendant; 2) Plaintiff's claims are barred under the Florida Statute of Limitations; 3) Plaintiff failed to attach the purported governing contracts and failed to plead sufficient facts of oral contractual terms so as to enable the Defendants to properly respond to the allegations; and 4) Plaintiff's quantum meruit and unjust enrichment claims should be dismissed because Plaintiff asserted claims for breach of express contract. The Court will now address each of these arguments in turn.

### A. *THE COMPLAINT SUFFICIENTLY ASSERTS CLAIMS AND ALLEGATIONS AGAINST THE DEFENDANTS*

Defendants contend that the Complaint should be dismissed because the Complaint refers to the Defendants collectively as AMEXCO and directs allegations against the Defendants in a collective capacity as AMEXCO. Thus, Defendants contend that because the Complaint fails to set forth allegations and claims for relief against the Defendants in their separate and individual capacities and fails to allege joint liability the Complaint must be dismissed. However, this argument is unavailing.

At the outset the Court notes that the Defendants failed to provide any caselaw or other authority to support their position. Further, after reviewing the Complaint the Court finds that it sufficiently states claims and allegations against both Defendants. The Complaint states "Plaintiff…sues Defendants AMERICAN EXPRESS COMPANY ('AMEX') and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. ('TRS') (collectively 'AMEXCO')." Compl. at ¶ 1. Consequently, the term "Amexco" encompasses both Defendants. Thus, when the Complaint asserts claims and allegations against Amexco those claims and allegations are thereby asserted against both Defendants. For instance, Paragraph ten of the Complaint states "[t]his suit arises out of AMEXCO's failure to pay MEI for certain placement, and IT consulting projects performed by MEI on behalf of AMEXCO pursuant to agreements, both written and oral." *Id.* at ¶ 10. Therefore, the Court finds that the Complaint has adequately stated claims and allegations against both Defendants. To hold otherwise would impose a pleading standard that exceeds the requirements outlined in Rule 8(a). *See Conley*, 355 U.S. at 47–48, 78 S.Ct. 99.

### B. *STATUTE OF LIMITATIONS ARGUMENT IS PREMATURE*

Next, Defendants contend that the Complaint should be dismissed because it is barred by the Florida Statute of Limitations. In its opposition, Plaintiff contends that this action should be governed by the more expansive New York Statute of Limitations. Further, Plaintiff contends that the statute of limitations should be tolled due to Defendants' alleged failure to negotiate in good

faith. Opp. at 10–11. Additionally, the Parties dispute the date upon which Plaintiff's claims actually accrued.[1]

Nevertheless, the Court will not resolve this issue at this juncture. This action was filed on March 26, 2006 as such the Parties have yet to fully engage in discovery on this issue. Moreover, it is not apparent from the face of Plaintiff's Complaint that the statute of limitations period has run. *See* Compl. Again, the Parties dispute whether this action should be governed by Florida or New York law. Further, even if the Court were to adopt Florida's four year statute of limitations period it is not apparent that the period has run as Plaintiff alleges that the breach occurred in 2002. Additionally, the limitations period which Defendants request that this Court adopts governs actions not founded upon a written instrument. *See* Fla. Stat. § 95.11(3)(k). Thus, if the Court were to find that the action was founded on a written instrument then the four year limitations period would be inapplicable. Instead, a five year limitations period would govern this action and Plaintiff's claims would not be barred. *See* Fla. Stat. § 95.11(2)(b). Therefore, the Court finds that it would be improper to attempt to resolve this issue without the benefit of further discovery and briefing on this issue. However, once discovery has been substantially completed the Defendants may re-raise this issue through a properly laid summary judgment motion. *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir.1982) ("[w]hile a statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R.Civ.P. 12(b)(6) when the complaint shows on its face that the limitations period has run, the defect may be raised by motion for summary judgment where the alleged failure to comply with the statute of limitations does not appear on the face of the complaint") (*citations omitted*). *See e.g. Held v. Davis*, 778 F.Supp. 527 (S.D.Fla.1991).

## C. PLAINTIFF'S FAILURE TO ATTACH THE PURPORTED WRITTEN CONTRACTS DOES NOT WARRANT DISMISSAL AND PLAINTIFF HAS SUFFICIENTLY PLEAD FACTS TO SUPPORT ORAL CONTRACTUAL TERMS

Next, Defendants contend that Plaintiff's failure to attach the purported written contracts warrants dismissal of this action or, alternatively, Plaintiff failed to plead sufficient facts of oral contractual terms so as to enable Defendants to properly respond to Plaintiff's claims. Mot. at 2 However, these arguments are unavailing. Notably, Defendants did not present this Court with any caselaw or other authority to support the proposition that when a complaint alleges claims for breach of express contract it should be dismissed or found insufficient if the plaintiff fails to attach the purported written contracts to the complaint. *See* Mot. Further, Defendants failed to provide this Court with any caselaw or other authority to support the contention that a claim for breach of oral contract must assert detailed allegations concerning the dates and specific terms of the alleged oral contract. Moreover, such requirements would greatly expand the contours of Rule 8(a)'s simple notice pleading requirements. Therefore, upon review of the Complaint the Court finds that Plaintiff has sufficiently alleged the existence and breach of oral and express contracts. Any remaining inquiries which Defendants may have concerning the specific terms of the alleged contracts may be resolved through the discovery process.

## D. PLAINTIFF'S UNJUST ENRICHMENT AND QUANTUM MERUIT CLAIMS WILL NOT BE DISMISSED

Next, Defendants contend that Plaintiff's claims for quantum meruit and unjust enrichment should be dismissed because Plaintiff asserted allegations of an express contract. However, Defendants' argument ignores the basic tenet of alternative plead-

1. Plaintiff contends that its claims accrued in July of 2002 while Defendants argue that the claims accrued in March of 2002.

ing. Rule 8(e)(2) of the Federal Rules of Civil Procedure states:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

Fed.R.Civ.P. 8(c)(2). Thus, a plaintiff may plead inconsistent or alternative theories of relief. *See ThunderWave, Inc. v. Carnival Corp.,* 954 F.Supp. 1562, 1566 (S.D.Fla.1997). The Court recognizes that Plaintiff's Counsel has indicated that the alleged oral contracts in this action involved written invoices. Opp. at 12–13. Nevertheless, the Court finds that Plaintiff should be permitted to plead alternative equitable claims for relief as the existence of express contracts between the Parties has yet to be proven. *ThunderWave, Inc.,* 954 F.Supp. at 1566. However, if the alleged invoices are found to constitute express contracts at a later juncture then Plaintiff's unjust enrichment and quantum meruit claims will be dismissed at that time. *See Webster v. Royal Caribbean Cruises, Ltd.,* 124 F.Supp.2d 1317, 1326 (S.D.Fla. 2000).

Finally, the Court will not reach Defendants' arguments concerning the alleged duplicative nature of Plaintiff's quantum meruit and unjust enrichment claims as that argument was not raised in Defendants' initial brief and therefore Plaintiff was not given an opportunity to address the argument in its rebuttal. Moreover, Local Rule 7.1(C) strictly limits reply briefs to the rebuttal of matters raised in the non-movant's opposition brief. *See* S.D.L.R. 7.1(C). Thus, Defendants' argument is improper under this Court's local rules.

## V. CONCLUSION

For the reasons set forth above it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is DENIED.